UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22752-CIV-JORDAN/O'SULLIVAN

FLOYD MARIO WEECH,

    Plaintiff,
v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on an informal discovery conference held before the undersigned on July 7, 2011. Having held a hearing in this matter and for the reasons stated on the record, it is

ORDERED AND ADJUDGED that on or before Monday, July 11, 2011, the defendant shall provide the plaintiff with the name of the Information Technology individual for the plaintiff to contact with respect to the VDR. It is further

ORDERED AND ADJUDGED that the defendant shall provide the subject April 26, incident report to the plaintiff. This report was prepared in the ordinary course of business, and is not protected by the work product doctrine or the attorney client privilege. See Jones v. Carnival Corporation, United States District Court, Southern District of Florida case number 04-20407-Civ-Jordan, Order dated September 27, 2005, DE # 136, citing to an advisory committee note to Fed. R. Civ. P. 26(b)(3)and indicating that documents created in the ordinary course of business or because they are required for reasons unrelated to the litigation do not fall under the qualified immunity of Red. R. Civ. P. 26. It is further

ORDERED AND ADJUDGED that the requirement of the defendant to provide the plaintiff with the aforementioned incident report is stayed until July 21, 2011, so that the defendant may appeal the undersigned's ruling. If the defendant does not appeal the undersigned's ruling, the defendant shall provide the April 26, incident report to the plaintiff as soon as possible. It is further

ORDERED AND ADJUDGED that if Judge Jordan permits the disclosure of the April 26, incident report, the defendant shall bear the burden of any costs associated with the need for the plaintiff to re-depose any witnesses. It is further

ORDERED AND ADJUDGED that the subject witness statements need not be provided by the defendant to the plaintiff.  After attempting to resolve the issue relating to the subject witness statements, if need be, the plaintiff may file an appropriate motion with the Court to compel those statements.  The plaintiff shall indicate in any such motion that the undersigned has provided permission for the filing of such a motion.  It is further

ORDERED AND ADJUDGED that the plaintiff may reserve the right to reinspect the subject vessel because the vessel was docked in opposite ways at the time of inspection and at the time of the incident.  It is further

ORDERED AND ADJUDGED that depositions may be conducted by telephone.  The defendant reserves the right to object to the taking of telephonic depositions at a later date.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 7th day of July 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Jordan
All Counsel of Record